## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TINA PEPPERLING, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2285 |
| | § | |
| MATERIALS EVALUATION & | § | |
| TECHNOLOGY CORPORATION, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion

for Summary Judgment ("Motion") [Doc. # 15] filed by Defendant Materials

Evaluation & Technology Corporation ("METCO"), to which Plaintiff Tina

Pepperling[1] filed a Response [Doc. # 16], METCO filed a Reply [Doc. # 17], and

Plaintiff filed a "Rejoinder" [Doc. # 18].  Having reviewed the record and applied

governing legal authorities, the Court **grants** the Motion.

## I.    BACKGROUND

METCO is an inspection company that provides a variety of testing and

inspection services to client industries such as oil and gas, shipping, and aviation.

---

[1]     Pepperling now uses the name Tina Sue Elliott.  *See* Plaintiff's Deposition, Exh. A to Motion, p. 4.  To limit confusion, she will be referred to by her name as it was when she was employed by METCO and when she filed this lawsuit.

Plaintiff began working for Defendant as the Office Manager/Coordinator in June 2008.  Until January 2011, Plaintiff was paid on an hourly basis.  In January 2011, Plaintiff was given a salary of $60,000.00 per year, in excess of $1,150.00 per week.  Her title and job responsibilities remained unchanged.  Plaintiff resigned in March 2012.

Plaintiff filed this FLSA lawsuit in July 2012.  Plaintiff alleges that, after she began receiving a salary in January 2011, she was not paid overtime for the hours she worked in excess of forty hours per week.  After an adequate time to complete discovery, Defendant moved for summary judgment.  The Motion has been fully briefed and is ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.    <u>FLSA CLAIM – ADMINISTRATIVE EXEMPTION</u>

Plaintiff alleges that she worked in excess of forty hours per week and that she was not compensated for the overtime hours.  Generally, the FLSA requires an employer to pay overtime compensation for work performed by an employee in excess of forty hours per week.  *See* 29 U.S.C. § 207(a)(1); *Talbert v. Am. Risk Ins. Co., Inc.*, 405 F. App'x 848, 852 (5th Cir. Dec. 20, 2010).

There are, however, certain exemptions that apply.  In this case, Defendant argues that Plaintiff is exempt from FLSA overtime wages pursuant to the "administrative" exemption found in 29 U.S.C. § 213(a)(1).  Whether an employee falls within the administrative exemption is primarily a question of fact, but the ultimate decision whether the employee is exempt is a question of law.  *See Lott v. Howard Wilson Chrysler-Plymouth, Inc.,* 203 F.3d 326, 330 (5th Cir. 2000).  The Court construes FLSA exemptions narrowly, and the employer bears the burden of proof.  *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 584 (5th Cir. 2006).

An employee within the administrative exemption is one (1) who is compensated on a salary or fee basis at a rate of not less than $455 per week, (2) whose "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."

29 C.F.R. § 541.200.  In this case, Plaintiff concedes the first two requirements for the administrative exemption, but disputes whether her work included the exercise of discretion and independent judgment.

"In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Talbert*, 405 F. App'x at 853 (quoting 29 C.F.R. § 541.202(a)).  It is not necessary that the employee have final decision making authority.  *See Lott*, 203 F.3d at 331.

Plaintiff's written job description indicates that her position as Office Manager/Coordination involved the exercise of discretion and independent judgment.  Among other responsibilities, Plaintiff was required to "coordinate the daily activities of all inspection personnel in Houston," "schedule the shop and field work daily and provide guidance to the employees," "schedule work for crews," "make sure crews have all the required equipment/paperwork on a job-by-job basis and [make] sure the crews know what time and where to be on a daily basis," and "problem solve between client, field inspection and coordination of personnel."  *See* Job Description, Exh. A-2 to Motion.  Plaintiff also procured necessary office supplies and documented "deficiencies of personnel related to company procedures and policies."  *See id.*

Plaintiff's deposition testimony was consistent with the written job description and established that her work for Defendant after January 2011 involved the exercise of discretion and independent judgment.  Plaintiff explained that she would receive calls from customers and, based on the information provided by the customer, would decide which inspector(s) to dispatch for that particular assignment.  *See* Plaintiff's Depo., pp. 31-33.  She would decide which inspector to send "based on what [the customers] need."  *See id.* at 33.  Plaintiff testified that she would occasionally go into the field to meet with customers to discuss "upcoming work, how we were doing."  *See id.* at 35.  Plaintiff testified that she would at times send a replacement inspector if the original inspector "didn't have the right thing."  *Id.* at 42.  She testified that she was responsible for ordering the office supplies, *id.* at 44, and that she had "written up" employees and given the written warning to the general manager, *id.* at 49.  The responsibilities listed in the Job Description and testified to by Plaintiff in her deposition require the exercise of discretion and independent judgment.

After her deposition, Plaintiff prepared an affidavit to submit as an exhibit to her Response to Defendant's Motion for Summary Judgment.  Defendant objects to this affidavit as improperly contradicting prior, sworn deposition testimony.  A "nonmoving party cannot defeat a summary judgment motion by attempting to create a disputed material fact through the introduction of an affidavit that directly conflicts

with his prior deposition testimony." *Albertson v. T.J. Stevenson & Co., Inc.,* 749 F.2d 223, 233 n.9 (5th Cir. 1984) (quoted in *Callahan v. Gulf Logistics, L.L.C.*, 456 F. App'x 385, 392 (5th Cir. Dec. 29, 2011)).

Plaintiff argues in her "Rejoinder" that the affidavit merely supplements her deposition testimony.  A "subsequent affidavit that supplements or explains, rather than contradicts, prior deposition testimony" may be considered as evidence in opposition to a motion for summary judgment. *Callahan*, 456 F. App'x at 392 (citing *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988), and *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 894 (5th Cir. 1980)).  In many respects, Plaintiff's affidavit, attached as Exhibit A to her Response, contradicts her prior deposition testimony.  For example, in her deposition, Plaintiff testified that, if she received the call from the customer, she made the decision which inspector to send to perform the work.  *See* Plaintiff's Depo., pp. 32-33.  In her affidavit, she stated that she would "match the type of job required by the customer to the appropriate pre-determined crew or technician."  *See* Plaintiff's Affidavit, ¶ 3.[2]  In her deposition, Plaintiff testified that she at times went out into the field and met with customers.  *See*

---

[2]    In her Affidavit, Plaintiff described her duties from the time she became Office Manager/Coordination, and stated that the duties did not change after January 2011. *See* Plaintiff's Aff., ¶ 3, ¶ 11.

Plaintiff's Depo., p. 35.  In her Affidavit, Plaintiff stated that she had never been on a field job.  *See* Plaintiff's Affidavit, ¶ 5.

Plaintiff argues also that the affidavit is necessary because she was not given an opportunity to explain her answers.  The Court may consider a contradictory affidavit "if sufficiently persuasive reasons are given" for having changed the testimony.  *Axxiom Mfg. Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 750 (S.D. Tex. 2012) (Rosenthal, J.).  Plaintiff's explanation is refuted by the deposition transcript.  Plaintiff advised defense counsel when she did not understand a question.  *See* Plaintiff's Depo., pp. 17, 32.  She asked questions.  *See id.* at 35.  She asked for questions to be rephrased.  *See id.* at 42.  Most importantly, she was able to explain her answers fully.  *See id.* at 68.  The deposition transcript demonstrates that Plaintiff made sure she understood the questions and explained her answers when she so desired.  As a result, the Court will not consider the statements in Plaintiff's Affidavit that contradict her sworn deposition testimony.[3]

---

[3]   Even if the Court were to consider the contradictory statements, they do not raise a genuine issue of material fact on the "administrative" exemption issue.  Although Plaintiff may have had access to a chart listing the inspectors by their "speciality," it remains undisputed that Plaintiff would exercise discretion and independent judgment in determining which speciality and, therefore, which inspector best matched the customer's needs.  *See, e.g., Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 585 (5th Cir. 2006) (the requirement that the plaintiff must consult manuals or guidelines did not preclude the exercise of discretion and independent judgment).

Plaintiff has not presented evidence that raises a genuine issue of material fact in connection with the "administrative" exemption.  As a result, Defendant is entitled to summary judgment on Plaintiff's FLSA claim for overtime wages for work performed after January 2011.

## IV.    BREACH OF CONTRACT CLAIM

In the Complaint, Plaintiff states that the lawsuit is "a breach of contract action for unpaid wages and for overtime wages . . .."  *See* Original Petition, Exh. A to Notice of Removal, ¶ 3.  In her Response, Plaintiff states that her breach of contract claim relates "only to the fact that she was promised overtime when she was given her primary duties."  *See* Response [Doc. # 16], p. 8.  During her deposition, however, Plaintiff's counsel stated that the overtime claim is "the only claim in this case."  *See* Plaintiff's Depo., p. 22.  The Court concludes any breach of contract claim Plaintiff has attempted to allege was abandoned.

To the extent Plaintiff continues to assert a breach of contract claim, Defendant is entitled to summary judgment on that claim.  Plaintiff has presented no evidence that raises a genuine issue of material fact regarding the existence of a contract for Defendant to pay her overtime wages after January 2011.  Indeed, Plaintiff testified during her deposition that the letter memorializing the terms of her position after January 2011 did not say anything about overtime and that she did not believe that she

would be paid overtime.  *See id.* at pp. 28-29.  Plaintiff testified also that she did not expect to get additional pay beyond her $60,000.00 salary.  *See id.* at 53.  Plaintiff agreed that there was no expectation that she would be "getting paid more than [her] salary for the extra hours."  *Id.* at 79.

Plaintiff has not presented evidence that raises a genuine issue of material fact in support of her breach of contract claim.  As a result, Defendant is entitled to summary judgment.

## V.  CONCLUSION AND ORDER

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding her status as an exempt employee under the "administrative" exemption.  Plaintiff has likewise failed to present evidence or argument that supports a breach of contract claim.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 15] is **GRANTED**.  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **29th** day of **April, 2013**.

Nancy F. Atlas
United States District Judge